**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ARELI RIVERA ORTIZ #A247-367-736** | **CIVIL ACTION NO. 26-1976 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WARDEN SOUTH LOUISIANA I C E PROCESSING CENTER ET AL** | **MAG. JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 3) filed by Areli Rivera Ortiz ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion is **DENIED**.

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, R. Doc. 20 (S.D. Tex. Oct. 30, 2025)). The Court will not allow Petitioner to commit an end-run around the habeas process. Because the preliminary relief sought—immediate release or an individualized bond hearing—mirrors the ultimate relief sought in the habeas Petition, and because the arguments

for both are the same, the Motion is **DENIED**. This matter is hereby referred to the

Magistrate for the issuance of a briefing schedule and further disposition.

**THUS DONE AND SIGNED** in Chambers this 10th day of June, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE